IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHANIEL JOHNS,

    Petitioner,

v.                  CASE NO. 12-3037-SAC

STATE OF KANSAS,
et al.,

    Respondents.

**O R D E R**

The court previously reviewed this pro se petition for writ of habeas corpus, 28 U.S.C. § 2254, and found from its face that it appeared to have not been filed within the applicable one-year statute of limitations, 28 U.S.C. § 2244(d)(1). Petitioner was ordered to allege facts showing his entitlement to equitable tolling or otherwise show cause why this action should not be dismissed as time-barred. In response, he filed a "Petition to Show Cause" (Doc. 3). Having considered petitioner's response together with the file and the applicable law, the court finds that good cause is not shown and dismisses this action as time-barred.

In its prior order, the court set forth the procedural history of petitioner's state criminal and related collateral proceedings. Mr. Johns does not dispute that history, and it is not repeated here. Based on its findings, the court previously

1

held that the limitations period in which Mr. Johns was required to file his federal habeas petition attacking his 1984 state convictions or sentence began to run on April 24, 1996, and ran unimpeded until it expired a year later on April 24, 1997. Petitioner did not have a tolling-type post-conviction motion pending in state court during this time frame. The two post-conviction motions he litigated had no tolling effect because they were filed years after the federal limitations period had already expired.

In his response, Mr. Johns alleges no facts contradicting the court's earlier findings that he is not entitled to additional statutory tolling or to a later limitations start date under § 2244(d)(1). Instead, he repeatedly makes the same bald assertions of newly discovered evidence, intervening change in the law, manifest injustice, and exceptional circumstances as were made in his petition. These formulaic recitations are still inadequate to show his entitlement to equitable tolling. Petitioner also makes legal arguments citing mainly state law, which is not a sufficient basis for federal habeas corpus relief. When the court disregards all petitioner's conclusory allegations and state law citations, it is left with few, if any, facts to consider. Nevertheless, the court briefly addresses each of petitioner's claims.

Petitioner alleges that "the state court lacked subject-matter jurisdiction as to the defective complaint/information" and that this may be challenged at any time. However, no supporting facts are alleged. Moreover, petitioner is arguing one of his habeas claims rather than showing his entitlement to equitable tolling. The same is true of petitioner's allegation that the "Kansas lower courts relied on a law that was unconstitutional at the time" of his trial and that the legislature "enact[ed] into law some 9 years later."

Petitioner's allegations that he "is placed in slavery when restraints are unlawful" and slavery is prohibited by the 13th Amendment are nothing more than conclusory statements. They demonstrate neither that his restraint is unlawful nor, more cogently, that he is entitled to any type of tolling.

Petitioner's claims that he was wrongfully denied an evidentiary hearing and written findings in state collateral proceedings are not grounds for federal habeas corpus relief and do not show entitlement to tolling in federal court.

Petitioner's arguments that the one-year AEDPA deadline is not a jurisdictional bar and is subject to tolling are accurate, but this court has contravened neither of these principles. His subsequent references to "these extraordinary circumstances" and "the events" beyond his control" are not facts demonstrating his entitlement to equitable tolling.

3

Petitioner appears to allege that the state refused to consider his "constitutional claims" due to a procedural bar and claim that this court "must consider" the "merits" of his procedurally-defaulted claims or a fundamental miscarriage of justice will result. His citation to Rule 52 of the Federal Rules of Civil Procedure provides no support for this argument. Moreover, he alleges no facts whatsoever to support a challenge to the state court's procedural-bar ruling in his case. Petitioner's argument that the procedural bar relied upon by the Kansas Supreme Court did not constitute an adequate state ground is not supported by any allegations of fact. In any event, this court has not denied petitioner's claims based upon the procedural default doctrine. Petitioner also fails to allege any facts showing that a fundamental miscarriage of justice will result. It is not enough for a petitioner to simply express his opinion that he will "continue to be the victim of a miscarriage of justice/manifest of injustice."

Petitioner's bald restatement of general standards for granting federal habeas corpus relief, that the state court's decision was an unreasonable application of clearly established Federal laws and based on an unreasonable determination of the facts in light of the evidence, does nothing to show his entitlement to equitable tolling. The same is true of his bald reference to "his attorneys' misconduct" which includes no

description of any misconduct or other act on the part of his attorney.

Some of petitioner's allegations are simply indecipherable, such as that "the lower State Courts is and was usurping its power within its office over the legislation Statute in 1972."

One of the few times petitioner references any facts from his case, he alleges "the existence of an agreement for leniency in exchange for McNeary's testimony against petitioner." He claims that the state had a duty to disclose "all discovery materials," that there was a Brady violation, that the prosecution had knowledge of the plea agreement that was withheld during trial, that the state had a duty to correct false or "misspoken" testimony, that the lower courts relied on perjured testimony, and that the trial judge and counsel "demised" before petitioner obtained this newly discovered evidence. However, he does not describe any of McNeary's testimony and explain how it was false or perjurious. Nor does he suggest how these arguments in support of one of his asserted grounds entitle him to equitable tolling. A habeas petitioner does not show extraordinary circumstances entitling him to tolling by simply continuing to argue the merits of his underlying grounds for relief. Finally, the court again rejects petitioner's attempt to characterize this as newly discovered evidence as he alleges no facts to refute the state district

court's finding, cited by this court in its prior order, that he was aware of his claims regarding McNeary's testimony at the time of her trial testimony.

As petitioner was informed in the court's prior order, a habeas petitioner seeking equitable tolling must clear a high hurdle and "is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ___U.S.___, 130 S.Ct. 2549, 2562 177 L.Ed.2d 130 (June 14, 2010). Petitioner was also informed that his allegations in his petition regarding timeliness were nothing more than the restatement of some of his claims interspersed with bald allegations that were clearly insufficient to make these showings. Petitioner's response has provided no facts showing either diligence during the relevant time period or extraordinary circumstances that prevented timely filing of this federal petition. Accordingly, the court finds that this action is time-barred and must be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed as time-barred and all relief is denied.

**IT IS FURTHER ORDERED** that to the extent petitioner's response (Doc. 3) is a motion, it is denied as moot.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**